The next case today is Joseph McCoy v. Town of Pittsfield, NH, appeal number 21-1907. Attorney Becker, please introduce yourself for the record and proceed with your argument. Attorney Lief Becker for the appellant, Joseph McCoy. Did you want to reserve some time for rebuttal? I just want to make sure it's on the record. Yes, your honor, if I could reserve three minutes for rebuttal. You may. This case comes before the court from the First Circuit of New Hampshire. Summation of the case is that McCoy's complaint in the lower court alleged that a truck trailer on his property in the town of Pittsfield had a principal purpose, in fact, as a political sign and it was not a storage container under local zoning ordinance. Nevertheless, the defendant, Town of Pittsfield, condemned his truck trailer in May and June of 2018, taking selective enforcement action of a 2017 storage container ordinance for the purpose of eliminating the political speech that Mr. McCoy had on the two visible sides of that tractor trailer. Evidence at the lower court showed that while the zoning board took enforcement action against Mr. McCoy, and Mr. McCoy was in fact the first town member that the enforcement action was taken against, there were over a hundred other instances of property owners with trailers or similar storage container objects where no enforcement action was taken. And, in fact, the record... Counsel, are you referring to the photographs that were put in evidence? That's correct. Yeah, what evidence was there that any of the photographed objects, as you call them, were non-permitted, used for storage, and they are over the limits set by the ordinance? Well, there is evidence from the deposition of Kara Marston that, in fact, only 12 storage container or storage container permits were issued out of the hundreds of examples of objects. I'm aware of that, but how do we know those objects were used for storage at all? Well, we don't, Your Honor, to the same extent the town didn't know that Mr. McCoy's trailer was used for storage. Plus, they knew Mr. McCoy's trailer was used for storage because he applied for a storage permit, and then he applied to extend it. Correct, but the principal purpose of the container was not for storage. But Mr. McCoy applied for a storage permit, so he has admitted that the storage ordinance applied to his trailer. Why else would he apply for that permit? Because, Your Honor, enforcement action was being taken against Mr. McCoy, and he sought to keep the trailer on his property. And your current theory, as I understand your reply brief, is that is that this object, as you put it, should be permitted to remain because it was a non-illuminated sign? That's correct, Your Honor. It's principal purpose. All right, excuse me. Was that theory ever argued in the district court? Your Honor, I can't speak to that for sure, as I was not- Well, your counsel, you know what the record is. I mean, I've looked at the district court record. I can't find any reference to the non-illuminated sign theory before the reply brief in this court. If there is any such record, I'd like to know what it is. So, you can't raise an argument in this court, ordinarily at least, that you didn't raise in the district court. By the same token, you can't raise an argument that you didn't raise in your opening brief. So, if there is some way to get around or to avoid the force of those two rules, I'd like to know what it is. Yes, Your Honor. So, the first instance of the trailer being referred to as a non-illuminated sign may be in the reply brief, but our argument has always been that this trailer was used to display political speech, and that was its principal purpose. Am I right in understanding, though, that that argument was made for purposes of challenge the constitutionality of the ordinance, its application, not for arguing it didn't apply as a matter of state law? Could you repeat the question, Your Honor? Yeah. My understanding is that what you just said, that you've always taken the position that the purpose of this was political speech, was made in the context of arguments about why the state law was unconstitutional, not that it didn't apply as a matter of state law. I suppose I'm confused at the phrasing of the question, Your Honor. There is an argument made by the appellant that the zoning ordinance did not apply to the storage trailer because the zoning ordinance did not apply to containers whose principal purpose was something other than storage. And that was made for the first time when? In the district court, Your Honor. Okay. And so the point you're making by saying the illuminated sign argument, even if not itself made, doesn't matter because you've always been making the state law point that doesn't apply as a matter of state law. Correct, Your Honor. That is what I'm saying. What I meant by my statement is that perhaps the language of non-illuminated sign appears first in our reply brief, but the fact that this storage container was used primarily for an expression purpose has been consistent. Counselor, I don't quite understand. Your client applied for the storage unit permit and he was granted it. He then exceeded the time period. He applied for extensions. He was granted the extensions. I thought your state law argument actually went to the ordinance itself doesn't expressly permit the board to grant extensions and therefore any grant of extension was invalid. Is that correct? That is correct, Your Honor. The town of Pittsfield did not have the authority to grant extensions. And in fact, what they were doing was granting variances. Four minutes remaining, four minutes. But your client asked for extensions. They granted it. So what is the evidence of a differential application by the board of whatever authority it had? I don't see how your client was injured in any way by the fact that they gave him what he asked for. Yes, Your Honor. My client did apply for extensions, was granted two extensions and denied the third. Notably, the third extension was denied shortly before the 2018 midterm elections where the political speech shown on my client's trailer would have been. Well, we can admit, can't we, that he had gone long beyond the ordinance's permissible time period to have a storage container, right? That's correct. And he said in his two applications, I'm disabled. I need more time to remove the materials I have stored in the container. And they agreed for one year. And then they agreed for the next year. And then he says, give me a third extension. And they say, actually, we think you've had enough time to do what you say you intended to do. And so we're not going to allow yet a third extension. Okay, so what is the evidence of any comparators who have told the board that they need an extension to remove material? They get two extensions and then they are refused a third extension. Well, there's somewhat of an absence of comparators, Your Honor, because the enforcement actions were so selective. As I stated, there were nearly a hundred comparable storage containers. No, no, no, no. They're not comparable. You didn't put in any evidence that they were comparable. Your Honor, I believe the photographic evidence shows that they're comparable. The ordinance on it applies only to a limited time period, only to certain types of storage containers, only for particular time periods. But you put in no evidence to that effect that they were required to have permits. And correct, Your Honor, there was some argument from the appellee that certain storage containers could have been grandfathered in. However, that would be on the landowners to show that they're grandfathered. Since enforcement actions didn't take place, it was never put to the landowners to prove grandfathering. Landowners aren't parties to this case. You've got the burden of proving your case. And on what basis can we find, by any standard, for ponderance of the evidence or any other standard, that any particular object that you photographed was being used as a storage trailer, was not grandfathered, and was over the time limit set for permitting? I don't understand how we're expected to make that determination in the absence of evidence. Well, of the hundreds of storage container objects or units that were photographed, and the absence of any evidence of grandfathering, the court can assume that... No, no, but it's your burden to produce evidence of comparability. Landowners aren't parties to this case. Correct, Your Honor. And that's what I'm, you know, it's like saying, take a look at this picture of the crowd at Fenway Park. There are 25,000 people there in the stands, and those 25,000, I know, must include 500 Yankee fans. You know, you can say it, but you've got to prove it. And what is there in the record that would give me any indication that you've proved it? At least when it's not a Yankees game. Your Honor, because of selective enforcement action, we don't know. Okay, that's time. Can I just ask one last question? What is the relief you're seeking? Monetary relief, Your Honor. Well, I'm seeking remand to the District Federal First Circuit Court. Okay, but in the monetary relief, what is the injury as you understand it? That Mr. McCoy had this political speech on his property, and through selective enforcement of the zoning ordinance, or the storage container ordinance, he was forced to remove it. And they forced it, just so I understand, they forced him to remove it because it didn't have the permit. They chose not to grant an extension to the permit, correct? Yeah, and then, so just last point, and you have a separate then state law argument, that in doing that, they had no basis for doing it, just as a matter of state law, because it wasn't subject to the ordinance at all? Correct. And what would be the basis for damages on that claim? The fact that Mr. McCoy was not able to freely express his political speech, Your Honor. Not that the state law claim has nothing to do with that. Claim that the ordinance doesn't apply as a matter of state law isn't a 1983 claim at all. So how is there a damages claim for that? Understood. I misunderstood your question, Your Honor. The expense that Mr. McCoy underwent to go through the process, remove the trailer from his property. And is there some indication under state law that is a cause of action you can get damages for? I don't know the answer to that question, Your Honor. Well, you filed a complaint seeking that relief on that claim. Or are you not bringing that claim? Your Honor, if you could clarify which which claim specifically you're speaking about now. The one you described, the claim that's based on it not complying with state law. The state law doesn't cover this instance. I'm trying to figure out why that's before us. So it's what's before us, Your Honor, because the district court granted summary judgment on on all claims. Counsel, I had understood your state law claim to be largely in service of your federal law claim. Are you now telling us that in a sort of pendant jurisdiction, you are asserting a state law claim for damages because you say the town misapplied the ordinance in denying the third extension? Just yes or no. I agree it's in service of the federal complaint. OK, thank you. Was that my time? Yes. Thank you, sir. Mr. Becker, please go ahead and mute your camera and your microphone. And at this time, would Attorney Dito please unmute and introduce himself on the record to begin? Good morning, Your Honors, and may it please the court. I'm Robert Dito on behalf of the town of Pittsfield. My remarks this morning are brief. It appears that the court has a clear understanding of the factual record and what was at issue. Ultimately, I must say, with no disrespect to Attorney Becker, I have been scratching my head throughout these proceedings with the precise contours of what the legal arguments and claims even have been. But one thing has been clear. This has been a case that alleges discrimination by the town of Pittsfield. And the record before the trial court, the district court, and before this court is entirely devoid of any evidence of discrimination by the town. Ultimately, it's very clear that Mr. McCoy knew exactly what he was applying for. He was informed by the town of this ordinance when it was brought to their attention. He applied and represented on multiple occasions that he was seeking a storage container permit, specifically, the representations were as blunt as, and I'm reading from page 358 of the appendix, this was a letter from Mr. McCoy, I'm asking for a six-month extension in order to keep my tools and materials inside this trailer. At no point in time did he ever represent that he was seeking a sign, or using it as a sign, or that its purpose was for a sign. And what's particularly troubling is that in 2017, the trailer is repainted to show a scene of hot air balloons. And it's only in 2018, when it no longer even says Trump, that the town denies the extension request. I thought it continued to say just a single word Trump on one side of the trailer, even though the main political sign had been painted over. You're correct, Judge Salia, that there was an issue before Judge LaPlante as to whether or not a portion of the rear of the trailer depicted the words Trump. However, the district court correctly noted that that issue was never alleged in the complaint as being the source of any sort of discrimination against Mr. McCoy. The issue was precisely... This, your honors, I don't know if you can see it, but it's a big picture of the side of it. That is exactly what he was fighting over. It's in paragraph 20 of his complaint where he discusses this. So that was not genuinely an issue or before the trial court. So at the end of the day here, we have what I think is a perplexing fact pattern that I've struggled with. And we have nothing to suggest that there was any discrimination by the town. I think, you know, I direct the court's attention to the Cordial and McConnell decision from 2007, which I believe was authored by Judge Salia. The facts in that case, the court concluded that there was no evidence of discrimination or rather of a class of one claim. The facts in this case don't even come close to the evidence that was put forward in that case. So it really is a reach with all due respect to my brother, Mr. Becker. And if there are no questions from the court, I will conclude my remarks with that. Anything further? Thank you, your honors. Thank you, Mr. Tito. Please go ahead and mute your camera and your microphone. Mr. Becker has a three-minute rebuttal available. Please unmute your audio and video and introduce yourself back on the record to begin. Yes, Attorney Lee Becker for the appellant. The one thing I would say to the court is that Justice Salia was correct that at all times, a portion of the trailer held the words Trump. There was always political speech on the trailer. Even if, as the town points out, a portion of the political speech was covered over in 2018. Thank you. If there's no questions, I will yield my time. Thank you. That concludes argument in this case. Counsel is excused. Attorney Becker and Attorney Dietl, you should disconnect from the hearing at this time.